**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Starwood Management, LLC, | No. CV-12-00289-TUC-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America:  Department of Justice Drug Enforcement Agency, | |
| Defendant. | |

On June 28, 2012, Defendant filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).  (Doc. 10).  Plaintiff filed a response on July 30, 2012.  (Doc. 13). Defendant filed its reply on August 31, 2012.  (Doc. 16).  Thereafter, on September 13, 2012, the Plaintiff filed a Motion for Leave to Supplement its Response to Defendant's Motion to Dismiss. (Doc. 17).  The Defendant filed a response on September 18, 2012. (Doc. 18).

*Background*

On February 3, 2012, the Drug Enforcement Administration ("DEA") seized one 1982 Gulfstream American Corporation G-1159 Jet, Serial Number 347 ("Aircraft") from Nader Sarkhosh in Tucson, Arizona.  The Aircraft was seized for forfeiture pursuant to 49 U.S.C. §46306, which authorizes the government to seize an aircraft which is in violation of the registration requirements of 49 U.S.C. §46306(b).

On March 15, 2012, notices of the seizure were mailed to various parties with a

1   potential interest in the Aircraft including the Plaintiff, Starwood Management LLC.
2   Notice of the seizure was then published in the Wall Street Journal for three days in April
3   2012.  Plaintiff was the owner of the Aircraft when it was initially registered with the
4   Federal Aviation Administration and at the time it was seized by Defendant.  The notice
5   of seizure outlined the Plaintiff's options to contest the forfeiture by filing a claim with
6   the DEA on or before April 19, 2012 and/or requesting the remission or mitigation of the
7   forfeiture.  On April 13, 2012, Plaintiff submitted a Petition for Remission to the DEA.
8   Five days later, on April 18, 2012, Plaintiff filed the Complaint in this action.  Plaintiff's
9   Complaint requests three forms of relief.  First, that the Defendant file a complaint for
10  forfeiture in the United States District Court, second that Defendant return the Aircraft
11  pending the filing of a complaint, and third for the Court to overturn the forfeiture.
12  (Doc. 1).  A copy of the Complaint was sent directly to the Forfeiture Counsel, Asset
13  Forfeiture Section of the DEA.  It was received by the DEA on April 24, 2012.

14          On April 19, 2012, the DEA sent Plaintiff a letter notifying Plaintiff that the DEA
15  rejected Plaintiff's Petition for Remission due to a statutory deficiency and provided
16  Plaintiff with additional time to correct the defect.  On April 30, 2012, the DEA received
17  a revised Petition for Remission from the Plaintiff.  On June 21, 2012, the Aircraft was
18  forfeited to the United States pursuant to 18 U.S.C. §1609.

19          On June 28, 2012, Defendant filed its Motion to Dismiss, alleging a lack of subject
20  matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and for failure to state a claim
21  pursuant to Fed.R.Civ.P. 12(b)(6).  Plaintiff's revised Petition for Remission had not been
22  decided as of the date of the Defendant's motion.

23          Defendant contends that the Plaintiff failed to follow the proper procedure for
24  filing a claim as outlined in the March 15, 2012 notice sent to Plaintiff and as such, the
25  Plaintiff never properly notified Defendant of its intention to contest the forfeiture.  In the
26  alternative, Defendant argues that if the Court finds that Plaintiff did file notice of a
27  claim, then that notice was untimely.  Defendant further argues that since Plaintiff
28  initially filed a petition for remission, it is precluded from subsequently filing a claim.

1    *See Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).

2

3    *Standard of Review - Subject Matter Jurisdiction*

4          In "considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is

5    not restricted to the face of the pleadings, but may review any evidence, such as affidavits

6    and testimony, to resolve factual disputes concerning the existence of jurisdiction."

7    *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988). (citing *Land v. Dollar*, 330 U.S.

8    731, 735 n.4, 67 S.Ct. 1009, 1011 n.4, 91 L.Ed. 1209 (1947)).   Further, in attacks on

9    subject matter jurisdiction pursuant to Rule 12(b)(1), Plaintiffs bear "the burden of proof

10   that jurisdiction does in fact exist."   *Thornhill Publ'g Co., Inc. v. General Tel. & Elec.*

11   *Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).   The Court need not consider unreliable

12   evidence, and "no presumptive truthfulness attaches to plaintiff[s'] allegations."   *Id.*

13

14   *Government's Notice of Seizure*

15         Civil asset forfeiture proceedings are governed by 18 U.S.C. §983, which was

16   enacted in 2000 as part of the Civil Asset Forfeiture Reform Act ("CAFRA").   Pursuant

17   to this section, after seizing property the seizing agency must send notices to all

18   interested parties no later than 60 days after the date of the seizure.   18 U.S.C.

19   §983(a)(1)(A)(i).   The Defendant seized the Aircraft on February 3, 2012 and sent a

20   notice of seizure to the Plaintiff on March 15, 2012.   Plaintiff acknowledges that it

21   received the notice of seizure from the Defendant on March 15, 2012.   As such, the

22   Defendant's notice to the Plaintiff regarding the seizure was timely.

23         The March 15, 2012 notice of seizure, advised the Plaintiff that the DEA had

24   seized a 1982 Gulfstream American Corporation G-1159 Aircraft.   The notice explained

25   "[y]ou may petition the DEA for return of the property or your interest in the property

26   (remission or mitigation), and/or you may contest the seizure and forfeiture of the

27   property in Federal court."  (Doc. 10-1).

28         A petition for remission seeks the discretionary return of the property from the

agency and a claim initiates the judicial process to decide whether the property should be forfeited.  *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9ᵗʰ Cir. 2011)(quoting *Malladi Drugs & Pharmaceuticals, Ltd. v. Tandy*, 552 F.3d 885, 889 (D.C. Cir. 2009)(internal quotations omitted)).  If a notice of claim is filed, the agency must file a civil complaint for forfeiture or return the property to the claimant within ninety days.  18 U.S.C. §983(a)(3).

The March 15, 2012 Notice further outlined the procedures for contesting the forfeiture and/or requesting remission or mitigation of the forfeiture including the applicable deadlines.  The notice provided:

> In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT.  To do so, you must file a claim with the Forfeiture Counsel of the DEA by **April 19, 2012**.  The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)).  The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury.  (Title 18, U.S.C., Section 983(a)(2)(C)).  … If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein.  Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding – either civil or criminal – even if such proceeding has already been commended or is commenced in the future.

(Doc. 10-1)(emphasis in original).   Once the notice of seizure and proposed forfeiture was sent to the Plaintiff, the district court was divested of jurisdiction to review the forfeiture unless an interested party timely submitted a claim with the seizing agency. *Mohammad v. United States*, 169 Fed.Appx. 475 (7ᵗʰ Cir. 2006).

*Plaintiff's Notice of Claim*

CAFRA states that any person claiming property seized under a civil forfeiture statute may file a claim with the appropriate official after the seizure.   18 U.S.C. §983(a)(2)(A).  Plaintiff initially filed a petition for remission with the DEA.  Defendant

argues that this Petition for Remission did not request a judicial determination of the forfeiture and thus did not contest the forfeiture.   S*ee Malladi Drugs and Pharmaceuticals, Ltd. v. Tandy,* 538 F. Supp.2d 162, 169-170 (D.D.C. 2008) *aff'd on other grounds*, 552 F.3d 885 (D.C. Cir. 2009).  Plaintiff concedes that the Petition for Remission filed with the DEA was not a claim.  (Doc. 13 at 4).  Plaintiff contends that the civil Complaint filed in this action constituted proper notice of a claim.     A claim does not have to be in any particular form but must identify the specific property being claimed, state the claimant's interest in such property, and be made under oath, subject to the penalty of perjury.   18 U.S.C. §983(a)(2)(C).   The civil complaint filed by the Plaintiff in this action, identifies the property being claimed as an Aircraft, states the Plaintiff's interest in the Aircraft and is accompanied by a verification signed by the Plaintiff under the penalty of perjury, asserting that the information in the Complaint is accurate.  (Doc. 1).

Plaintiff's Complaint contains the necessary information constituting a claim as defined in 18 U.S.C. §983(a)(2)(C) and is thus a sufficient claim.

*Timelines of Plaintiff's Claim*

The claim may not be filed later than the deadline set forth in the notice letter, which must be at least 35 days after the date the letter is mailed.  *Id. see also Pert v. United States*, 2011 WL 1792767 (D. Nev. 2011)(a claim must be filed by the date set forth in the notice of seizure).  Additionally, the claim must be filed with the appropriate official.  18 U.S.C. §983(a)(2)(A).

The notice of seizure provides that the claim must be filed with the Forfeiture Counsel of the DEA[1] on or before April 19, 2012.  The April 19, 2012 deadline was 35 days after the March 15, 2012 mailing and thus is in compliance with the statutory

---

[1] Plaintiff was cognizant of this requirement as evidenced in Plaintiff's opposition to Defendant's Motion, in which Plaintiff asserts that it sent a copy of the Complaint directly to the Forfeiture Counsel of the DEA, who received the Complaint on April 24, 2012.

requirements. *See* 18 U.S.C. 983(a)(2)(B). While Plaintiff initially filed the civil Complaint with the district court on April 18, 2012, it did not file a copy of the Complaint with the forfeiture counsel of the DEA until April 24, 2012.[2] Since the DEA never received a timely notice of claim from the Plaintiff, on June 21, 2012, it proceeded with the forfeiture of the Aircraft in accordance with 19 U.S.C. §1609.

Plaintiff's Complaint was not filed with the forfeiture counsel of the DEA until April 24, 2012. Therefore, it was untimely and properly rejected by the DEA. *See Conkey v. United States*, 545 F.Supp.2d 1013 (N.D. Cal. 2008). As such, this Court lacks jurisdiction to adjudicate the merits of the underlying seizure. *See Rodriguez v. United States Dept. of Justice*, 4. Fed. Appx. 104, 106 (2nd Cir. 2001)(court lacked subject matter jurisdiction over motion for return of forfeited property because plaintiff filed claim with agency two weeks late); *Pert v. United States*, 2011 WL 1792767 (D. Nev. 2011)(court lacked subject matter jurisdiction over challenge to forfeiture because plaintiff's notice of claim to the agency was untimely); *Malladi Drugs & Pharmaceuticals, Ltd. v. Tandy*, 552 F.3d 885, 890 (D.C. Cir. 2009). In addition, since this Court lacks jurisdiction over Plaintiff's claim, Plaintiff cannot seek recovery of its Aircraft in this Court. *See Linarez v. United States Dept. of Justice*, 2 F.3d 208, 213 (7th Cir. 1993).

*Value of Aircraft*

Plaintiff contends for the first time in its response to Defendant's Motion to Dismiss, that the value of the Aircraft is over $500,000 and therefore cannot be administratively forfeited. *See* 19 U.S.C. §1607 and §1610 (if any aircraft is not subject to section 1607 of this title, the officer shall transmit a report of the case to the United States attorney for the institution of the proper proceedings for the condemnation of such property).

---

[2] Plaintiff and Defendant both agree that the Complaint was received by the Forfeiture Counsel for the DEA on April 24, 2012.

1  Pursuant to the customs laws, the DEA is permitted to administratively forfeit
2  goods if the value of those goods is at or less than $500,000.  19 U.S.C. §1607(a).  The
3  value of a seized aircraft is determined by the appropriate customs officer.  19 U.S.C.
4  §1606.

5  Despite not having jurisdiction to review the merits of the forfeiture, the Court
6  does retain jurisdiction to determine whether the administrative forfeiture was
7  procedurally proper.  *Mesa Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir.
8  2005)(holding that once administrative forfeiture proceedings are complete district courts
9  lack jurisdiction to review the merits of the seizure and forfeiture and may only review
10 whether the agency followed the proper procedural safeguards for a valid administrative
11 forfeiture proceeding); *Rodriguez v. United States Dept. of Justice*, 4 Fed. Appx. 104, 107
12 (2nd Cir. 2001);

13 Thus, the issue at hand, is whether the administrative forfeiture of the Aircraft
14 alleged now to be valued at over $500,000, is a procedural violation by the Defendant
15 warranting judicial review.  Whether the alleged failure to comply with the requirements
16 of 19 U.S.C. §1607 is a procedural defect has not been addressed in the Ninth Circuit,
17 however, the Eleventh Circuit has held that an agency's failure to comply with the non-
18 notice requirements of 19 U.S.C. §1607 when seizing and forfeiting property, is not a
19 challenge to the process of forfeiture, rather, it is a challenge to the merits.  *Mesa
20 Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005).

21 The only procedural aspect of a forfeiture proceeding which may be challenged is
22 whether the party of interest received timely and sufficient notice.  *Mesa Valderrama v.
23 United States*, 417 F.3d 1189, 1196 (11th Cir. 2005); *In re Return of Seized 2000 F-150
24 Truck, VIN 1FTRF18WXYNB74239*, 2008 WL 4908108 (S.D. Cal. 2008).  Title 18
25 U.S.C. §983(e) provides the exclusive remedy to challenge the administrative forfeiture.
26 18 U.S.C. §983(e)(5); *United States v. King*, 442 Fed. Appx. 212, 213 (6th Cir. 2011)(a
27 motion pursuant to 983(e) is the exclusive means to set aside a declaration of forfeiture);
28 *Craig v. United States*, 372 Fed. Appx. 817, 818 (9th Cir. 2010).  To prevail on a motion

pursuant to 18 U.S.C. §983(e), the claimant must establish that he or she did not receive notice of the proposed forfeiture and that the claimant had no reason to know of it. 18 U.S.C. §983(e). The Plaintiff concedes in its response to Defendant's Motion that it received written notice from the Defendant on March 15, 2012. As such, the Court lacks jurisdiction to consider Plaintiff's claim to the property. *Chairez v. United States*, 355 F.3d 1099, 1102 (7th Cir. 2004).

Further, Plaintiff failed to raise its argument regarding the value of the aircraft before the DEA in its Petition for Remission or in its civil Complaint. Since Plaintiff failed to timely raise this argument with the DEA in accordance with administrative process, Plaintiff cannot now challenge the Defendant's actions on that ground. *See Malladi Drugs & Pharmaceuticals, Ltd. v. Tandy*, 552 F.3d 885, 889 (D.C. Cir. 2009)(dismissal appropriate where plaintiff alleged for the first time in complaint that the value of the seized property exceeded $500,000).

Moreover, to permit Plaintiff to raise this new argument regarding the value of the Aircraft, when it had not been raised earlier with the DEA in either of the two petitions for remission or the civil complaint, despite being provided with sufficient notice, would allow Plaintiff to side step the administrative process, "which might have cured or rendered moot the defect later complained of in court." *Id*. quoting *McGee v. United States*, 402 U.S. 479, 483, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971).

*Equitable Jurisdiction*

While Plaintiff maintains that it is not seeking to invoke the Court's equitable jurisdiction, at least one circuit court has found that district courts were deprived of their equitable remedy jurisdiction after CAFRA's enactment due to Congress's establishment of a comprehensive enforcement scheme with exclusive remedies for a statutory violation, specifically, the remedy pursuant to 18 U.S.C. §983(e). *Conard v. United States*, 470 Fed. Appx. 336, 339 (5th Cir. 2012); see generally *Mohammad v. United States*, 169 Fed. Appx. 475, 481 (7th Cir. 2006).

Moreover, Plaintiff was adequately provided a remedy at law but failed to timely file a notice of claim with the appropriate party.  As such, the Court declines to exercise equitable jurisdiction.  *See Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005); *United States v. Dunbar*, 2007 WL 1574957 (E.D. Cal. 2007).  A court may retain equitable jurisdiction where the agency renders a legal remedy unavailable through a defect in process.  *Conkey v. United States,* 545 F.Supp.2d 1013, 1015 (N.D. Cal. 2008).  There is no such defect present here.  Plaintiff was provided timely notice and while it  failed to timely file a claim with the appropriate party, it did timely file a petition for remission.  Then, eleven days after filing its Complaint, Plaintiff filed a revised petition for remission, which is pending.  As such, Plaintiff was provided with due process and maintains an adequate remedy at law.

*Plaintiff's Motion for Leave to Supplement its Response*

Plaintiff's motion requests leave to supplement its response to Defendant's Motion to Dismiss in an effort to provide the Court with additional evidence concerning the value of the Aircraft.  In the first instance, Plaintiff asserts that the supplemental response is necessary given the "escrow file" which was attached to the Defendant's reply.  This "escrow file" supports the reasoning behind the Defendant's valuation of the Aircraft as being under $500,000.  Plaintiff asserts that since this "escrow file" was not produced until the Defendant's reply and the Plaintiff should have an opportunity to contest it.  However, it was Plaintiff who first raised the issue regarding the value of the Aircraft in its response to Defendant's motion.  Plaintiff, as owner of the Aircraft and the party that belatedly raised the issue of the Aircraft's value, has already had a sufficient opportunity to provide the Court with all relevant evidence regarding the value of the Aircraft.

At any rate, since the Court has determined that it lacks jurisdiction to review the merits of the forfeiture and because a challenge to the value of the Aircraft is not a

procedural challenge but a challenge to the merits, Plaintiff's motion will be denied.[3]

Accordingly, IT IS ORDERED:

1.   Defendant's Motion to Dismiss is GRANTED.  (Doc. 10).

2.   Plaintiff's Motion for Leave to Supplement its Response to Defendant's Motion to Dismiss is DENIED.  (Doc. 17).

3.   This action is dismissed with prejudice as the Court lacks subject matter jurisdiction.

4.   The Clerk of Court shall enter judgment accordingly and shall then close its file.

Dated this 17th day of December, 2012.



_____
Cindy K. Jorgenson
United States District Judge

---

[3] Even if the Court were to consider Plaintiff's claims regarding the Aircraft's value, a preliminary review of the evidence presented by Plaintiff's counsel shows that this argument rests on shaky ground.